IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN KLOAK,  )  <br>  ) <br>  Plaintiff,  ) <br>  ) <br>  vs.  ) <br>  ) <br> AMANDA HAYES; JOHNSON,  ) <br> BLUMBERG & ASSOCIATES, LLC,  ) <br> and SELECT PORTFOLIO  ) <br> SERVICING., INC.,  ) <br>  ) <br>  Defendants.  ) | Case No. 21 C 5575 |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

John Kloak, who is proceeding *pro se*, has filed a lawsuit against a mortgage loan servicer, Select Portfolio Servicing, Inc.; and a lawyer and law firm, Amanda Hayes and Johnson, Blumberg & Associates, LLC. By its title, Mr. Kloak's complaint seeks relief for what he calls "wrongful foreclosure and breach of contract."

In summary, Mr. Kloak alleges the following. He alleges that the defendants filed a foreclosure suit against him in state court even though, he says, "they never provided a loan to plaintiff." Compl., p. 3 ¶ b. Mr. Kloak alleges that in 2004 he purchased a home after obtaining a $91,000 mortgage loan from BNC Mortgage, Inc. He says, however, that he "was never provided a loan" and that his signed promissory note "was the source of electronic credits claimed to be a loan to plaintiff." Compl. ¶ 2.2. The Court takes this to mean that Mr. Kloak never saw the money and that the loan was applied to his home purchase via an electronic accounting entry. He seems to allege that the note was then sold by the payee to someone else.

Mr. Kloak alleges that his contract (with the lender? with the home seller? it is not clear from the complaint) ran afoul of the federal Truth in Lending Act, though exactly how is rather difficult to make out from his complaint. He seems to say that he tried to rescind the loan/note, though exactly when or how is not described in the complaint in any way that the Court can make out. He says that he "signed a lien against his property in return for loan and no loan was ever provided," Compl. ¶ 4.2, and was tricked into repaying the loan. The lien (i.e. the mortgage) prevented him from selling the property, and the making of payments on what he calls the "fake loan" interfered with his business and employment. Compl. ¶¶ 4.4 – 4.6. He says that the promissory note was never "registered" and thus that the state court lacked jurisdiction over the foreclosure case. Compl. ¶ 4.1 (second ¶ 4.1).

Mr. Kloak attempts to assert a claim under the federal Racketeer Influenced and Corrupt Organizations Act (RICO). He seems to allege that the interest rate on the loan was unduly high and thus usurious, which again seems to refer back to his contention that he was given a "fake loan." He asserts a claim of "wrongful foreclosure" based on his allegation that the bank did not make him a loan. He also asserts claims of slander of title, violation of the Illinois Consumer Fraud Act, slander of credit, and intentional infliction of emotional distress.

With regard to the state foreclosure case, Mr. Kloak alleges that he made timely payments from 2004 through March 2019. Then in late 2019, Select Portfolio, evidently the servicer of the loan, claimed he was behind on payments and retained foreclosure counsel, who filed a foreclosure suit in December 2019. He alleges that the lawsuit was fraudulent because it was filed on behalf of a corporation, and corporations have no

legal rights.

Mr. Kloak seeks the following relief: voiding the foreclosure sale process; finding the defendants' conduct to be unfair and deceptive; discharging his alleged debt; and awarding him $5.5 million in damages as well as other monetary relief.

Because Mr. Kloak's lawsuit references the state foreclosure complaint, the Court may appropriately consider that complaint in addressing defendants' motion to dismiss. *See, e.g., Lax v. Mayorkas*, ___ F.4th ___, 2021 WL 5999191, at *2 n.1 (7th Cir. Dec. 20, 2021). The foreclosure complaint was filed by Deutsche Bank National Trust Company in its capacity as trustee of a trust that is alleged to hold the mortgage on Mr. Kloak's property. The complaint attaches a copy of the note and the mortgage. The note is dated 2005, not 2004, and it is payable to Long Beach Mortgage Company, not BNC Mortgage. The complaint also attaches copies of assignments of the mortgage, first to JP Morgan Chase Bank, and then to Deutsche Bank National Trust Company, as trustee. The docket in the foreclosure case reflects that it was pending as of late 2020 and that the plaintiff had moved for entry of summary judgment. The documents provided to the Court do not reflect what has happened in the case since then.

As indicated, the defendants have moved to dismiss Mr. Kloak's federal-court complaint for failure to state a claim. (The motion was filed by Select Portfolio and later joined by the other defendants.) In considering the motion, the Court takes Mr. Kloak's well-pleaded factual allegations as true, but not assertions of law or unsupported conclusory factual allegations. *See, e.g., Lax*, 2021 WL 5999191, at *2. The Court assesses whether he has asserted a plausible basis for relief against the defendants. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The numbering system used by Mr. Kloak is somewhat confusing, and not all of what he seems to assert as separate claims are delineated or clearly described as such. The Court has done the best it can to identify what Mr. Kloak is asserting as claims for relief.

Mr. Kloak does not have a viable breach of contract claim (Count 1) against any of the named defendants, for one very simple reason: he does not allege that he had a contract with any of them. Neither Select Portfolio nor the attorney or law firm was a party to the note or mortgage. A breach of contract claim may be asserted only against a party to the contract. The Court therefore dismisses Count 1.

Nor has Mr. Kloak asserted a viable claim of fraud (Counts 2-3, it appears), consumer fraud (Count 7), or promissory estoppel (perhaps intended by the paragraphs under the heading "IV. DETRIMENTAL RELIANCE). His complaint is to a significant extent unintelligible, and a good deal of it consists of unsupportable allegations. To the extent it is intelligible, however, Mr. Kloak does not allege any misrepresentation made *to him* by any of the named defendants (who are, again, the loan servicer and foreclosure attorneys) upon which he relied or upon which they intended for him to rely. *See Newman v. Metro. Life Ins. Co.*, 885 F.3d 992, 1003 (7th Cir. 2018) (elements of a claim of common law fraud); *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012) (elements of a claim under the Illinois Consumer Fraud Act). To the extent Mr. Kloak is alleging that the defendants made misrepresentations *to the state court* in the foreclosure lawsuit, that is not a viable basis for a separate claim of fraud or consumer fraud *by Mr. Kloak*. That aside, for that claimed misconduct Mr. Kloak has an adequate remedy within the state-court lawsuit, and he has to pursue it there: he may

not launch a collateral attack on the state-court case via a separate federal lawsuit against the attorneys who filed it, as he has done.

Mr. Kloak's civil RICO claim (Count 4) is entirely frivolous.  Specifically, he makes no effort to allege any of the elements of a RICO claim—a RICO-sufficient "enterprise," participation in the enterprise, and a pattern of racketeering activity, just to name some. *See generally Nowicki v. Delao*, 506 F. App'x 514, 516 (7th Cir. 2013) (listing elements of a RICO claim).

Mr. Kloak's state-law claims of wrongful foreclosure (Count 5), slander of title (Count 6), and slander of credit (Count 8) also lack any viable basis.  There is no authority supporting the proposition that a claimed "wrongful foreclosure" gives rise to a separate cause of action under Illinois law.  The Court agrees with the authority to the contrary, including *Acevedo v. CitiMortgage, Inc.*, No. 11 C 4877, 2013 WL 1283807, at *5 (N.D. Ill. Mar. 26, 2013).  Mr. Kloak's claim of slander of title fails because, among other things, he alleges no damage due to any purported recording of documents, a required element of that tort.  *See, e.g., In re Snyder*, 542 B.R. 429, 435 (Bankr. N.D. Ill. 2015).  The Court also does not see how the filing of a lawsuit—the wrongful "publication" of which Mr. Kloak complains, *see* Compl. ¶ 7.1—can give rise to a claim for slander of title, and he cites no authority suggesting otherwise.  The claim for "slander of credit" is not a separate cause of action in Illinois.  To the extent one construes this as a claim of defamation, *see Gros v. Midland Credit Management*, 525 F. Supp. 2d 1019, 1026 (N.D. Ill. 2007), as in that case Mr. Kloak makes no well-pleaded factual allegations supporting any contention that his reputation for creditworthiness has been impaired or that he has been denied credit as the result of a

false statement about him by the defendants. The Court therefore dismisses Counts 5, 6, and 8.

Mr. Kloak's claim for intentional infliction of emotional distress (Count 9) fails because he has not alleged any misconduct by the defendants that rises to the severe level needed to support such a claim. His claim, taken in the light most favorable to him, is that the defendants have made false allegations in a civil lawsuit about making a loan to him and about his nonpayment of that loan. There is no authority supporting the proposition that this could possibly rise to the level of the "extreme and outrageous" conduct needed to support an IIED claim. *See generally Public Finance Corp. v. Davis*, 66 Ill. 2d 85, 90, 360 N.E.2d 765, 768 (1976) (conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency" (citation omitted); dismissing claim based on activity in collecting a debt). The Court dismisses Count 9.

Those are the only claims identified as such in Mr. Kloak's complaint. If, however, the paragraphs in the complaint entitled "XI. THE ALLEGED LOAN"; "XII. LAWFUL CHALLENGE"; "XIII. FAILURE TO ESTABLISHING [sic] AGENCY"; and "IXV. LEGAL PREJUDICE" are intended as claims, they are deficient—they fail to allege the elements of any sort of legal claim and are largely unintelligible. The Court also notes that the contention in paragraph XIII that "Corporations cannot sign and therefore cannot enter into any contract with an attorney" because "The right to contract is reserved to the people" is not just plain wrong; it's ridiculous. For the same reason, the paragraph entitled "XV. FRAUDULANT [sic] CIVIL ACTION WAS FILED IN STATE COURT," which is premised on the contention that an attorney cannot legally represent

a corporation, is frivolous.

## Conclusion

For the reasons stated above, the Court grants defendants' motion to dismiss [dkt. no. 15] and dismisses Mr. Kloak's complaint in its entirety for failure to state a claim upon which relief may be granted. Unless Mr. Kloak files, by January 24, 2022, a proposed amended complaint that states at least one viable legal claim over which the Court has jurisdiction, the Court will enter judgment against him. The case is set for a telephonic status hearing on January 31, 2022 at 9:30 a.m., using call-in number 888-684-8852, access code 746-1053. The Court reserves the right to vacate the status hearing if it determines a status hearing is not needed.

Date: January 8, 2022

_____
MATTHEW F. KENNELLY
United States District Judge